UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-340-H

GREG DILLARD AND JEFF SIMMONS                                                    PLAINTIFFS

V.

MARATHON ASHLAND PETROLEUM LLC                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

In an earlier Memorandum Opinion dated December 22, 2005, this Court dismissed Plaintiff's claims for retaliation and wrongful discharge.  At the same time, the Court ordered Plaintiffs to submit affidavits supporting their claims for Intentional Infliction of Emotional Distress/Outrage ("IIED/Outrage").  Plaintiff has submitted the required affidavits and Defendant has filed a response asking the Court to dismiss the claims, arguing that the affidavits are insufficient to support them.  The arguments of counsel at a conference have been helpful to the Court in understanding the issues.

A *prima facie* case of IIED/Outrage under Kentucky law requires that: (1) the wrongdoer's conduct is intentional or reckless; (2) the conduct is so outrageous and intolerable that it offends generally accepted standards of decency and morality; (3) a causal connection exists between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe.  *Stringer, et al. v. WalMart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2005).  In its previous Memorandum Opinion the Court discussed the Kentucky law and concluded that neither Plaintiff had alleged facts sufficient to support a state law claim of

outrage.  The Court further stated that "this case cannot proceed on a claim of outrage unless Plaintiffs can assert under oath specific acts directed toward each of them and specific emotional distress and anguish resulting from those actions."  Thus, the Court fairly placed the burden on Plaintiffs to provide sufficient detail by affidavit to support its IIED/Outrage cause of action.

Defendant has summarized the specifics accurately.  Plaintiffs have not responded with an objection to these characterizations.  Plaintiffs assert the following:

- Coworkers wrote "WYB" on their hard hats, standing for "watch your back."
- The Terminal Supervisor said he "would be damned" if he would let his employees cause destruction to this facility or to Fred McCormick, the Terminal Manager.
- The Terminal Supervisor asked Dillard if he would "be interested" in filling in at a facility in Milwaukee, Wisconsin.
- They were "singled out" for an assignment of removing poison ivy from a fence in 100 degree weather.
- Dillard was "intentionally excluded" from information via e-mail that was essential for him to perform his function as the Facility Security Officer.
- Management "stopped offering overtime" to Plaintiffs.
- Simmons' locker was vandalized.
- The Terminal Supervisor "knowingly and intentionally filed a false disciplinary action letter against" Simmons.

Those allegations fall far short of the kinds of actions that Kentucky courts have relied

upon to support outrage claims. To support an outrage claim, Plaintiff must allege far more than the events surrounding his retaliation claim. Plaintiffs' affidavits appear to suggest that the alleged motivation of retaliation, in and of itself, is the outrageous conduct. The Kentucky Supreme Court has previously held that "[o]f course, it is the conduct of the offender rather than the subject of the conduct that determines whether the conduct was outrageous." *Stringer, supra* at 788. Being singled out for a certain kind of duty or being left off an e-mail list as alleged here, are not the kinds of events that can constitute outrageous behavior. Moreover, Plaintiff remains employed with Defendant, thus negating any suggestion that Defendant's conduct was unusually outrageous or intolerable.[1]

As THE RESTATEMENT makes clear, "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1994) (*quoting* Comment (d) to THE RESTATEMENT (SECOND) OF TORTS, Section 46 (1965). Even when given several opportunities to allege more specific facts, Plaintiffs have been unable to do more than list events that fall into the "insult, indignity and petty oppression" category. Although this result leaves Plaintiffs without a remedy in federal court, they are currently pursuing other administrative remedies.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' state law claims of emotional distress and outrage are DISMISSED WITH PREJUDICE.

This is a final order.

---

[1] By no means does the Court suggest that one must leave their job in order to sustain a claim of outrage.

cc: Counsel of Record